**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109920

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBIN HOLMES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DIVERSIFIED CONSULTANTS INC. and ORION PORTFOLIO SERVICES, LLC,<br><br>Defendants. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

ROBIN HOLMES, individually and on behalf of all others similarly situated, (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against DIVERSIFIED CONSULTANTS INC. and ORION PORTFOLIO SERVICES, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

1

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant DIVERSIFIED CONSULTANTS INC.'s principal place of business is located in Jacksonville, Florida.

8. On information and belief, Defendant ORION PORTFOLIO SERVICES, LLC's principal place of business is located in Atlanta, Georgia.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendants, Plaintiff's alleged debt was assigned or otherwise transferred to Defendants.

14. In their efforts to collect the alleged debt, Defendants contacted Plaintiff by letter. ("Exhibit 1.")

15. Defendants' letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendants' letter violated the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

19. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

20. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

21. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

22. Defendants' letter states, "Original Creditor: VERIZON."

23. There is no entity named "Verizon" registered with the New York State Department of State, Division of Corporations.

24. Conversely, there are ninety-one (91) disparate entities registered in New York that begin their legal name with "Verizon."

25. The collection letter can reasonably be read by the least sophisticated consumer to mean any of the ninety-one (91) disparate entities registered in New York that begin their legal name with "Verizon" is the source of the alleged debt.

26. Because the collection letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

27. The source of a debt is material information.

28. The least sophisticated consumer would likely be deceived by Defendants' conduct.

29. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

30. Defendants violated § 1692e by using a false, deceptive and misleading representation in their attempt to collect a debt.

## CLASS ALLEGATIONS

31. Plaintiff brings this action individually and as a class action on behalf of all

persons similarly situated in the state of New York from whom Defendants attempted to collect a delinquent consumer debt using the same form collection letter used concerning Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

32.     Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff, in their attempts to collect delinquent consumer debts from other persons.

33.     The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent to Plaintiff.

34.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

35.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

36.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## JURY DEMAND

37. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and his attorneys as Class Counsel; and

    c. Find that Defendants' form collection letter violates the FDCPA; and

    d. Grant statutory damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: February 18, 2016

          **BARSHAY SANDERS, PLLC**

          By: /s/ Craig B. Sanders
          BARSHAY SANDERS, PLLC
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          Fax: (516) 706-5055
          csanders@barshaysanders.com
          *Attorneys for Plaintiff*
          Our File No.: 109920

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530